Estate of James Henry Daughtry, Deceased, Cecil Daughtry, Administrator, and Allie Daughtry v. Commissioner.
Estate of Daughtry v. Commissioner
Docket No. 54599.
United States Tax Court
T.C. Memo 1956-105; 1956 Tax Ct. Memo LEXIS 195; 15 T.C.M. (CCH) 531; T.C.M. (RIA) 56105; April 30, 1956
*195 George E. Allen, Esq., Box 1306, Ft. Meyers, Fla., for the petitioners. L. C. Smith, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: J. H. Daughtry and Allie Daughtry, the original petitioners, were husband and wife, residing in the State of Florida. J. H. Daughtry died in January of 1955 and his administrator, Cecil Daughtry, was substituted as a petitioner. The deficiencies in income tax determined by respondent are as follows: Year
Deficiency
1948
$ 853.56
1949
8,976.56
1950
1,013.74
The sole matter in controversy is whether respondent correctly determined that the profits from certain sales of cattle were taxable as ordinary income, petitioners having returned the same as capital gains. Petitioners contend that the sales were sales of breeding stock from their breeding herd and taxable under the provisions of Section 117(j), Internal Revenue Code of 1939. [Findings of Fact] The facts so far as developed and pertinent are: Decedent was engaged in the business of raising and selling cattle, including calves, steers, cows and bulls. Throughout the taxable years, he made many sales in small lots and three *196 sales of substantial size, i.e., the sale to Matalacha Cattle Company of 1,100 head in 1948 for $44,000, payable in four annual payments, the Swift sale of 320 head in 1949 for $22,400 and the Whitehurst-Hawkins sale of 362 head, also in 1949, for $21,387.50. Petitioners contend that all three of these sales were of breeding stock from their breeding herd and should be treated as the sale of capital assets. Petitioners returned the profit on all the other sales made by them as ordinary income. The cattle involved were all cows, ranging from 3 to 12 years of age, and all had been raised by decedent. The cattle so sold had been kept in various pastures, the Matalacha lot in the Lee pasture and the Swift lot in the Thoms pasture. The cattle, consisting of cows, bulls and calves, ran together in the pastures. The steers were kept in separate, pastures and were sold separately. The calves were separated from the herd and sold when they reached the necessary size and age. [Opinion] To bring the case within the provisions of Section 117(j), a petitioner must prove: "(1) that the animals sold were used in his trade or business; (2) were subject to allowance for depreciation; (3) were *197 held for more than six months; (4) were not property of the kind includible in the inventory of the taxpayer if on hand at the close of the taxable year; and (5) that the animals were not held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business." Albright v. United States, 173 Fed. (2d) 339. It is clear that the animals here involved satisfy the first three provisions of the statute. A ruling on the fifth provision carries with it a ruling on the fourth provision and is dispositive of the case. Respondent stresses the fact that, as indicated by his tax returns, decedent made many other sales to customers throughout the taxable years and that he has not satisfactorily distinguished the three sales in question. We cannot agree. Albeit, due to the death of decedent, the proof of the case has been made much more difficult for the petitioners, we are persuaded and satisfied by the record that petitioners have discharged their burden of proof. Although there are some conflicts in the testimony of various witnesses, the record, when studied as a whole, satisfies us that the cattle involved in the three sales were part of decedent's *198 breeding herd and were not held by the decedent primarily for sale to customers in the ordinary course of his trade or business. Decision will be entered under Rule 50.